**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

SHERRY A. YOUNG                                                                              PLAINTIFF

v.                                                NO.  1:07cv00028 JWC

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Sherry A. Young, has appealed the final decision of the Commissioner of the Social Security Administration that she ceased being disabled as of February 1, 2003.[1] Both parties have submitted appeal briefs and the case is ready for decision.[2]

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error.  Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result

---

[1]Plaintiff was found to be disabled October 1, 1996, because of coronary artery disease with angina and insulin-dependent diabetes mellitus.  (Tr. 31.)

[2]The parties have consented to the jurisdiction of the Magistrate Judge (doc. 15).

in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff contended that she was disabled due to coronary artery disease and diabetes.  (Tr. 70.)  The Commissioner found that Plaintiff was no longer disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was no longer disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[3] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time from February 1, 2003, through March 24, 2005, the date of his decision.  (Tr. 22.)  On May 14, 2007, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 6-9.)  Plaintiff then filed her complaint initiating this appeal (doc. 2).

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 41 years old at the time of the hearing.  (Tr. 380.)  She completed the eleventh grade in school and later obtained her General Equivalency Diploma.  (Tr. 161, 351, 380.)  She has past relevant work as a cashier and store clerk.  (Tr. 17, 381-83.)

The Commissioner is required to periodically review the continued entitlement to benefits of persons found disabled.  20 C.F.R. § 416.994(a) (2004).  The Commissioner

---

[3]The Hon. Lesly W. Mattingly.

has established, by regulations, a multi-step evaluation for determining continuing disability:

1)  The Commissioner determines if the claimant has an impairment or combination of impairments which meets or equals a Listing.[4]  20 C.F.R. § 416.994(b)(5)(i) (2004).  If so, benefits will continue; if not, the evaluation continues.  Id.

2)  The Commissioner next determines if there has been medical improvement.  20 C.F.R. § 416.994(b)(5)(ii) (2004).  "Medical improvement" is any decrease in the medical severity of a claimant's impairments which were present at the time of the most recent favorable medical decision that claimant was disabled or continued to be disabled.  20 C.F.R. § 416.994(b)(1)(i) (2004).  A determination that there has been a decrease in medical severity must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with a claimant's impairment(s).  Id.  If there has been improvement, the Commissioner proceeds to the next Step; if not, the Commissioner skips the next Step.  20 C.F.R. § 416.994(b)(5)(ii) (2004).

3)  If there has been medical improvement, the Commissioner determines if it is related to the claimant's ability to do work i.e., whether there has been an increase in the claimant's residual functional capacity based on the impairment(s) that was present at the time of the most recent favorable medical determination.  20 C.F.R. § 416.994(b)(5)(iii) (2004).  If the medical improvement is not related to claimant's ability to do work, the Commissioner proceeds to the next Step; if it is, he skips the next Step.  Id.

4)  If no medical improvement has been found, or if any medical improvement found is not related to claimant's ability to work, the Commissioner determines whether any exception to the medical improvement standard of review applies.   20 C.F.R. § 416.994(b)(5)(iv) (2004).

---

[4]In 2001, the regulations were amended so that the SSI determination no longer inquires as to whether a claimant is engaged in substantial gainful activity.

There are two groups of exceptions.  The first group:

a)  If substantial evidence shows claimant is the beneficiary of advances in medical or vocational therapy or technology (related to claimant's ability to work).  20 C.F.R. § 416.994(b)(3)(i) (2004).

b)  If substantial evidence shows claimant has undergone vocational therapy (related to claimant's ability to work).  20 C.F.R. § 416.994(b)(3)(ii) (2004).

c)  If substantial evidence shows that, based on new or improved diagnostic or evaluative techniques, claimant's impairment(s) is not as disabling as it was thought to be at the time of the most recent favorable decision.  20 C.F.R. § 416.994(b)(3)(iii) (2004).

d)  If substantial evidence shows that any prior disability decision was in error.  20 C.F.R. § 416.994(b)(3)(iv) (2004).

e)  If a claimant was engaging in substantial gainful activity.  20 C.F.R. § 404.1594(d)(5) (2004).

If any of the exceptions in this first group applies, the Commissioner proceeds to the next Step.  20 C.F.R. § 416.994(b)(5)(v) (2004).

The second group of exceptions is:

a)  A prior determination or decision was fraudulently obtained.  20 C.F.R. § 416.994(b)(4)(i) (2004).

b) Claimant does not cooperate with the Social Security Administration.  20 C.F.R. § 416.994(b)(4)(ii) (2004).

c)  The Social Security Administration is unable to find a claimant.  20 C.F.R. § 416.994(b)(4)(iii) (2004).

d)  A claimant fails to follow prescribed treatment that would be expected to restore claimant's ability to engage in substantial gainful activity.  20 C.F.R. § 416.994(b)(4)(iv) (2004).

If any of the exceptions in this second group applies, the claimant's disability is

deemed terminated.  20 C.F.R. § 416.994(b)(5)(iv) (2004).

5)  If a claimant's medical improvement is related to ability to do work, or if one of the first group of exceptions to the medical improvement standard applies, the Commissioner determines whether claimant's current impairments, in combination, are "severe," i.e., whether they significantly limit claimant's physical or mental abilities to do basic work activities.  20 C.F.R. § 416.994(b)(5)(v) (2004).  If the impairments are "severe," the evaluation continues; if not, claimant is no longer deemed disabled.  Id.

6)  The Commissioner then determines if a claimant has sufficient residual functional capacity, despite impairments, to perform past work.   20 C.F.R. § 416.994(b)(5)(vi) (2004).  If so, the disability will have ended; if not, the evaluation continues.  Id.

7)  The Commissioner considers a claimant's residual functional capacity, age, education and past work experience to determine if claimant can do other work.  20 C.F.R. § 416.994(b)(5)(vii) (2004).  If so, the disability will have ended; if not, the disability will be found to continue.  Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since she was found to be disabled.  (Tr. 18.)  He found that she had received treatment for coronary artery disease, diabetes mellitus, chest pain, vision problems and shoulder pain.  (Tr. 21.)  He found that she had a "severe" impairment, but that she did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 18.)  He judged that the symptomatology suffered by Plaintiff was not of the duration, frequency or intensity to be disabling or to preclude the performance of sedentary work.  (Tr. 20.)

The ALJ found that Plaintiff retained the residual functional capacity for sedentary work.  (Tr. 20, 22.)  He found that she was unable to perform her past relevant work.  (Tr. 20.)  He correctly noted that once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs

within the economy that she could perform, given her residual functional capacity, age, education and past work.  Id.  The ALJ applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rule 201.25, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 directed a finding of not disabled.  (Tr. 21, 22.) Consequently, the ALJ concluded that Plaintiff was not disabled.  (Tr. 22.)

Plaintiff argues that the ALJ erred by not sufficiently advising her of her right to counsel at the beginning of the hearing.  (Br. 8-11.)  The letter which informed her of her right to a hearing before an ALJ[5] indicated:

**IF YOU WANT HELP WITH YOUR HEARING**

You can have a friend, lawyer, or someone else help you. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal.  Your local Social Security office has a list of groups that can help you with your hearing.

(Tr. 68.)

Plaintiff was represented by counsel prior to the hearing, but he announced his withdrawal and indicated that Plaintiff desired to proceed with the hearing.  (Tr. 371.)  In a later discussion, she again indicated her desire to proceed:

ALJ:  Well, I tell you what, I think maybe we might just go ahead and have a hearing because I, then I'll just hold it open for those records and that might be the best way to do it because you wouldn't have to come back for hearing, is that all right with you?

CLMT:  That would be fine with me.

ALJ:   Well, in addition to, as I indicated before Ms. Young is proceeding without legal representation and are you doing that of your own free will, I haven't forced you to do that, have I, I mean, and you feel comfortable with doing it?

CLMT:  Yes, I believe I do.

ALJ:  And then we're going to hold this file open for her to supplement the record with the medical so hopefully, we can go ahead and make a

---

[5]Plaintiff had already had a hearing before a Disability Hearing Officer, who had found that her disability had ceased.  (Tr. 47-66.)

decision at that time, if not, then I'll give you a supplemental hearing, all right?

        CLMT:  Okay, that would be fine.

(Tr. 379-80.)

Substantial evidence supports a conclusion that Plaintiff was sufficiently advised of her right to representation, but chose to proceed without it.

Plaintiff also contends that it was error to rely on the Medical-Vocational Guidelines to direct a conclusion of not disabled, and that the ALJ should have called a vocational expert because of her nonexertional impairments, chronic anxiety, obesity, insulin-dependent diabetes, cardiac disease and numbness in her extremities.  (Br. 11-13.)  As noted earlier, Plaintiff contended that she was disabled due to coronary artery disease and diabetes.  (Tr. 70.)   Neither Plaintiff's general practitioner nor her cardiologist ever diagnosed anxiety or prescribed anything for it.   Only one physician, a one-time consultative examiner, diagnosed chronic anxiety.  (Tr. 352.)  He apparently relied in part upon what Plaintiff told him; otherwise, he had no way of knowing that it was chronic. There is no medical evidence that anxiety imposed any work-related limitations.

It is also significant that Plaintiff did not claim disability based on obesity in her application for benefits or at the administrative hearing.  Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995).  More importantly, there is no evidence in the record that Plaintiff's mild[6] obesity imposed any limitations on her ability to work.  Id.; see Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004)(although treating doctors noted claimant was obese and should lose weight, none suggested obesity imposed additional work-related limitations, and claimant did not testify that obesity imposed additional restrictions).

Her cardiologist noted that she had done well since he placed a stent.  (Tr. 299.)

---

[6]Plaintiff's weight fluctuated from a low of 150 (Tr. 158) to a high of 209 (Tr. 352).  The Disability Hearing Officer recorded her height as 5'9".  (Tr. 55.)  Therefore, she ranged from overweight to mildly obese.  The Merck Manual Table 6-1 at 58 (18th ed. 2006).

Prior to that placement, her main problem had been severe dyspnea[7] on exertion.  Id.

As the ALJ noted, Plaintiff's diabetes remained under fairly good control.  (Tr. 18.)

In a Disability Supplemental Interview Outline dated October 15, 2002 (Tr. 162), Plaintiff indicated that she groomed without assistance, although she became short of breath bathing; did laundry and dishes, changed sheets, vacuumed/swept and took out the trash; she shopped for groceries and clothes and completed postal and banking errands (Tr. 158); prepared meals, including sandwiches, frozen dinners, meats, vegetables, desserts and dishes that required recipes; paid bills, used a checkbook and counted change; drove and walked for exercise; watched television, listened to the radio and visited friends and relatives (Tr. 159).  In September 2000, she told her cardiologist that she walked five miles a day.  (Tr. 226.)  In February 2003, she indicated that she was walking four hours a day.  (Tr. 152.)  For fun, she dated and went to her children's events.  (Tr. 48.) Plaintiff engaged in extensive daily activities, which is inconsistent with the level of pain and limitation alleged.  See Roberson v. Astrue, 481 F.3d 1020, 1025 (8th Cir. 2007)(plaintiff cared for eleven year old  daughter, drove her to school, drove elsewhere, fixed simple meals, did housework, shopped for groceries and had no trouble handling money); Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006)(plaintiff performed household chores, mowed the lawn, raked leaves, shopped for groceries and drove a car); Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004)(plaintiff attended college classes and church, shopped for groceries, ran errands, cooked, drove, walked for exercise and visited friends and relatives); Haley v. Massanari, 258 F.3d 742, 48 (8th Cir. 2001)(plaintiff took care of personal needs, washed dishes, changed sheets, vacuumed, washed cars, shopped, cooked, paid bills, drove, attended church, watched television, listened to radio, read and visited friends and relatives).

---

[7]Shortness of breath, a subjective difficulty or distress in breathing, usually associated with disease of the heart or lungs; occurs normally during intense physical exertion or at high altitude. PDR Medical Dictionary 556 (2d ed. 2000).

> Generally, if the claimant suffers from nonexertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert. Groeper v. Sullivan, 932 F.2d 1234, 1235 n. 1 (8th Cir. 1991).  In those instances, the ALJ cannot rely exclusively on the guidelines to direct a conclusion of whether claimant is "disabled" or "not disabled." Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir. 1988).  Instead, testimony of a vocational expert must be taken. Groeper, 932 F.2d at 1235. The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not significantly diminish the claimant's RFC to perform the full range of activities listed in the guidelines. Thompson, 850 F.2d at 349-350 (emphasis added).

Reed v. Sullivan, 988 F.2d 812, 816 (8th Cir. 1993)(emphasis in original); accord, McGeorge v. Barnhart, 321 F.3d 766, 768-69 (8th Cir. 2003); Holley v. Massanari, 253 F.3d 1088, 1093 (8th Cir. 2001);  Holz v. Apfel, 191 F.3d 945, 947 (8th Cir. 1999).

The record firmly supports the ALJ's finding that Plaintiff had no nonexertional impairment that significantly affected her residual functional capacity to perform a full range of sedentary work activities.  Use of the Medical-Vocational Guidelines was therefore proper.

Finally, Plaintiff contends that the ALJ failed to develop the record with regard to her residual functional capacity and anxiety.  (Br. 13-18.)  The anxiety issue has already been discussed and that discussion need not be repeated here.  The ALJ has a duty to fully and fairly develop the record, even in cases where the claimant is represented by counsel. E.g., Bishop v. Sullivan, 900 F.2d 1259, 1262 (8th Cir. 1990).  However, the ALJ is not required to function as claimant's substitute counsel, but only to develop a reasonably complete record.  Clark v. Shalala, 28 F.3d 828, 830-31 (8th Cir. 1994).

Plaintiff does not identify what further records should have been developed.  Plaintiff did send additional medical records to the Appeals Council.  Presumably, other medical records could also have been sent at that time if they were important.  Plaintiff bears a heavy burden in showing the record has been inadequately developed.  She must show

both a failure to develop necessary evidence and unfairness or prejudice from that failure. Combs v. Astrue, 243 Fed.Appx. 200, 204 (8th Cir. 2007); Robinson v. Astrue, 2008 WL 312034 (E.D. Ark.).  She has not met that burden.

Plaintiff's argument seeks to place the burden of proof on the Commissioner.  It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's residual functional capacity.  Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Masterson v. Barnhart, 383 F.3d 731, 737 (8th Cir. 2004); Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003);  Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

Therefore, the decision of the Commissioner is affirmed and judgment shall be entered for Defendant dismissing this action, with prejudice.

IT IS SO ORDERED this 5th day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE